NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS SAMUEL WALLACE,

Plaintiff - Appellant,

v.

MARICOPA COUNTY SHERIFF'S
OFFICE; COUNTY OF MARICOPA;
STATE OF ARIZONA; MARICOPA
COUNTY BOARD OF SUPERVISORS,
named Maricopa County Sheriffs
Department Board of Supervisors;
UNKNOWN WILLIAMS, Captain; PAUL
PENZONE, AKA Paul Pensone, Ex
Maricopa County Sheriff,

Defendants - Appellees.

No. 24-7052

D.C. No. 2:23-cv-01192-SRB--
MTM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted July 15, 2025**

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Thomas Samuel Wallace appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his right to adequate food while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We reverse and remand.

The district court dismissed Wallace's action for failure to state a claim. However, Wallace alleged in the second amended complaint that for seven months, defendants regularly served Wallace food that was spoiled and rotten and insufficient to maintain health. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer." *Id*. at 1116; *see also Vasquez v. County of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020) (explaining that "the Fourteenth Amendment is more protective than the Eighth Amendment"); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68, 1071 (9th Cir. 2016) (setting forth objective deliberate indifference standard applicable to Fourteenth Amendment claims by pretrial detainees); *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (noting that "[p]rison officials have a duty to ensure that prisoners are provided adequate . . . food" and recognizing cognizable Eighth Amendment claim based on provision of "inedible food" for four days). We reverse the judgment and remand for further proceedings.

**REVERSED and REMANDED.**